IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | |
| v. | CRIMINAL NO. 07-488 (ADC) |
| [11] ANTONIO APONTE-IGLESIAS, | |
| Defendant. | |

**REPORT AND RECOMMENDATION**

Defendant Antonio Aponte-Iglesias was charged in Counts One (1) through Eight (8), and Count Eleven (11) and Count Twelve (12) of an Indictment and he agreed to plead guilty to Counts One and Seven of the Indictment. Count One charges that, beginning in or about the year 2005, exact date unknown, and continuing up to and until the return the instant indictment in Trujillo Alto, Carolina and San Juan, District of Puerto Rico and elsewhere, and within the jurisdiction of this Court, defendant Mejías-Alvarez and other defendants, did knowingly and intentionally, conspire, combine and agree with each other and others known and unknown to the Grand Jury, to commit offenses against the United States, that is, to possess with intent to distribute one (1) kilogram or more of heroin, a Schedule I, Narcotic Controlled Substance; fifty (50) grams or more of cocaine base hereinafter referred to as crack cocaine), a Schedule II Controlled Substance, five (5) kilograms or more of cocaine, a Schedule II, Controlled Substance; and detectable amounts of marihuana, a Schedule I, Controlled Substance, within one thousand (1,000) feet of the real property comprising a housing facility owned by a public housing authority, that is, Nuestra Señora de Covadonga Public Housing Project; or of a public school, that is the Head Start Program Located within Nuestra Señora de Covadonga Public Housing Project all in violation of Title 21, United States Code, Sections 846, 841(a)(1), (b)(1)(C), (b)(2), and 860.

Count Seven charges that beginning in or about the year 2005, exact date unknown and continuing up to an until the return of the instant indictment in Trujillo Alto, Carolina and San Juan, District of Puerto Rico and elsewhere and within the jurisdiction of this Court, Eduardo Mejias-Alvarez and other defendants, aiding and abetting each other, did knowingly possess firearms and ammunition during and in relation to a drug trafficking crime, as charged in Counts One through Five of the Indictment, which may be prosecuted in a Court of the United States. All in violation of Title 18, United States Code, 924(c)(1)(A)(I) and 2.

On January 9, 2008, defendant appeared before this Magistrate Judge, since the Rule 11 hearing was referred by the Court. Defendant was provided with a Waiver of Right to Trial by Jury, which he signed and agreed upon voluntarily after examination in open court, under oath.

Defendant indicated and confirmed his intention to plead guilty to Counts One and Seven of the Indictment, upon being advised of his right to have said proceedings before a district judge of this court.[1] Upon verifying through defendant's statement his age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain his capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to defendant's competency and ability to understand the proceedings.

Having further advised defendant of the charges contained in above-stated Counts One and Seven, he was examined and verified as being correct that: he had consulted with his counsel, Yasmín Irizarry, from the Federal Public Defender's Office, prior to the hearing for

---

[1] The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

United States of America v. Antonio Aponte-Iglesias [11]
Criminal No. 07-488(ADC)
Report and Recommendation
Page 3

change of plea, that he was satisfied with the services provided by his legal representative and had time to discuss with her all aspects of the case, insofar, among other things, regarding the change of plea, the consent to proceed before a United States Magistrate Judge, the content of the Indictment and the charges therein, his constitutional rights and the consequences of the waiver of same.

Defendant was specifically apprised by this Magistrate Judge that, upon withdrawing his initial plea of not guilty and now entering a plea of guilty to the charge specified, he was waiving his right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict. He was also waiving his right to be presumed innocent and for the government to meet the obligation of establishing his guilt beyond a reasonable doubt. Furthermore, he was waiving his right during said trial to confront the witnesses who were to testify against him and be able to cross-examine them, through counsel at said trial, as well as present evidence on his behalf. He was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify. Defendant was specifically apprised of his right to take the stand and testify, if he so decided, or not to testify, and no inference or decision as to his guilt could be made from the fact if he decides not to testify. Defendant was also explained his right not to incriminate himself; that upon such a waiver of all above-discussed rights a judgment of guilty and his sentence were to be based on his plea of guilty, and he would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of his counsel, Attorney Irizarry, indicated he freely and voluntarily waived those rights and understood the consequences. During all this

United States of America v. Antonio Aponte-Iglesias [11]
Criminal No. 07-488(ADC)
Report and Recommendation
Page 4

colloquy, defendant was made aware that he could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that he may consult with his attorney at any given time as to any issue.

Defendant expressed his understanding of the penalties prescribed by statute for the offenses as to which he was pleading guilty. The penalty for the offense charged in Count One is term of imprisonment of not less than (10) years and up to life imprisonment, a fine not to exceed four million dollars ($4,000,000.00), a term of supervised release of at least ten (10) years in addition to any term of incarceration.

Based on the stipulated and agreed amount of narcotics possessed by the defendant, that is, at least three point five (3.5) kilograms but less than five (5) kilograms of cocaine, the penalty for the offense shall be, a term of imprisonment of not less than five (5) years and not more than eighty (80) years, and a fine not to exceed four million ($4,000,000.00) a term of supervised release of at least eight (8) years, all pursuant to Title 21, United States Code, Section 841(b)(1)(B) and 860.

The penalty for the offense charged in count Seven of the Indictment is a term of imprisonment of not less than five (5) years and up to life imprisonment, to be served consecutive from any other Count of conviction; and a fine not to exceed $250,000.00, and a term of supervised release of at least three (3) years, all in violation of Title 18, United States Code, Section 924(c)(1)(A)(I).

The Court must also impose a mandatory penalty assessment of one hundred dollars($100.00), per count, to be deposited in the Crime Victim Fund.

Having ascertained directly from defendant that he had not been induced in any way to plead guilty, that no one had forced him in any way to plead guilty, nor that he had been offered any reward or any other thing of value to get him to plead guilty, the document entitled

United States of America v. Antonio Aponte-Iglesias [11]
Criminal No. 07-488(ADC)
Report and Recommendation
Page 5

"Plea Agreement" pursuant to Rule 11(c)(1)(A) and (B) FRCP ("the Agreement") and the "Plea Agreement Supplement" were shown to defendant, verifying his signature and initials on each and every page.

Pursuant to said Agreement, and insofar as Counts One and Seven, as to which defendant already was aware of the maximum possible penalties, defendant was apprised that it was up to the sole discretion of the sentencing court what the sentence to be imposed on him will be. Defendant was specifically informed that if the sentencing court were to impose a sentence which turned out to be higher or more severe than the one he might be expecting, for said reason alone, defendant would have no grounds for the court to allow him to withdraw his plea of guilty.

The above-captioned parties' estimate and agreement that appears on page four (4) and five (5), paragraph seven (7) of the Agreement, regarding the possible applicable advisory Sentencing Guidelines, were further elaborated and explained. The parties stipulate that, as part of the plea agreement, the defendant is accepting responsibility for at least three point five (3.5) kilograms but less than five (5) kilograms of cocaine. Pursuant to U.S.S.G. § 2D1.1(5), the Base Offense Level is of Thirty (30). Pursuant to U.S.S.G. § 2D1.2(a)(1), a two (2) level increase is warranted for protected location. Pursuant to U.S.S.G. § 3E1.1, a decrease of three (3) levels is agreed for acceptance of responsibility. Therefore, the Total Offense Level is of Twenty-Nine (29), yielding an imprisonment range of ninety-seven (97) to one hundred and twenty-one (121) months, assuming a Criminal History Category of II; and one hundred and eight (108) to one hundred and thirty-five (135) months, assuming a Criminal History Category of III. Count Seven would result in an imprisonment term of sixty (60) months consecutive to Count One.

The parties agree to recommend to the Court, that the defendant be sentenced to serve a term of imprisonment of one hundred and eight (108) months, or the lower end of the applicable guidelines for Count One, and a term of sixty (60) months for Count Seven, to be served consecutively to Count One, for a total recommendation of one hundred sixty-eight (168) months as CHC II/III (or, the lower end of the applicable guidelines if greater than 108 months). The United States further does not object to a request by the defendant of concurrency with any state or federal sentence he is presently serving or that he be credited for the time served since his arrest in Criminal Case 07-337 (CCC). The parties understand that the Court is not bound by the recommendation and that the Court, after consideration of the factors contemplated within the U.S.S.G. and Title 18, United States Code, Section 3553 et seq., may sentence the defendant to any amount of time up to and including the statutory maximum for the offense to which he plead, and that such a sentence will not invalidate this agreement.

Pursuant to paragraph 9, the United States and the defendant agree that no further adjustments or departures to the defendant's total adjusted base offense level shall be sought by the parties. The parties agree that any request by the defendant for an adjustment or departure will be considered a material breach of this plea agreement. The parties agree that any request by the defendant for a sentence below the agreed upon term of one hundred sixty-eight (168) months (or lowest applicable guideline range plus sixty (60) months should the CHC be higher than III) or for an adjustment or departure will be considered a material breach of this plea agreement.

Pursuant to paragraph 10, the parties do not stipulate any assessment as to the defendant's Criminal History Category.

United States of America v. Antonio Aponte-Iglesias [11]
Criminal No. 07-488(ADC)
Report and Recommendation
Page 7

At sentencing, the United States agrees to recommend a dismissal of the remaining counts of the Indictment which were filed against the defendant.

As part of the written Agreement, the government, the defendant, and his counsel also agreed they are aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

The government presented to this Magistrate Judge and to defendant, assisted by his counsel, a summary of the basis in fact for the offenses charged and the evidence the government had available to establish, in the event defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt. Counsel and defendant acknowledged the evidence of the government was fully disclosed to them and previously discussed between the two. Defendant was also read and shown a document entitled "Statement of Facts", which he did not sign, but accepted orally there is a basis in fact for which the government could have established all elements of the offense charged in Counts One and Seven at trial with the available evidence.

Defendant was explained that the Agreement with the government does not bind any other district, except the district of Puerto Rico, and it contained all the promises, terms and conditions which defendant, his attorney and the government, have entered.

Having once more ascertained that defendant has indicated not being induced to plead guilty, and was entering such a plea because in fact he is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, defendant was informed that parole has been abolished under the advisory Sentencing Reform Act and that any sentence of imprisonment would be served, without him being released on parole. Defendant was additionally informed that prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to him, to his counsel and to the government, so

United States of America v. Antonio Aponte-Iglesias [11]
Criminal No. 07-488(ADC)
Report and Recommendation
Page 8

that they be allowed to correct or object to any information contained in said report which was not accurate. Depending on the facts found by the court at the time and the sentence imposed, both defendant and the government may appeal the sentence of the court.[2]

Defendant waived the reading of the Indictment in open court because he is aware of its content, indicating he availed himself of the opportunity to further discuss same with his attorney and then he positively stated that what was contained in Counts One and Seven and was what he had done and to which he was pleading guilty during these proceedings. Thereafter, defendant expressed in no uncertain terms that he agreed with the government's evidence as to his participation in the offense. Thereupon, defendant indicated he was pleading guilty to Counts One and Seven of the Indictment in Criminal No. 07–488 (ADC).

This Magistrate Judge after having explained to the defendant his rights, ascertaining that he was acting freely and voluntarily to the waiver of such rights and in his decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Counts One and Seven of the Indictment in Criminal No. 07-488 (ADC).

**IT IS SO RECOMMENDED.**

The sentencing hearing will be scheduled promptly, before Honorable Aida M. Delgado-Colón, District Court Judge.

San Juan, Puerto Rico, this 12th day of January of 2009.

                                        s/ CAMILLE L. VELEZ-RIVE
                                        CAMILLE L. VELEZ-RIVE
                                        UNITED STATES MAGISTRATE JUDGE

---

[2] The right to appeal is subject to certain limitations allowed by law since the Agreement also includes in paragraph nineteen (19) a waiver of appeal. Defendant acknowledged discussing the waiver of appeal with his counsel and stated he understood the consequences of the same.